FLYNN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 16—March 11, 1924.*

*Bastards: Married woman as complaining witness: Testimony as to intercourse with defendant: Evidence: Use of term "bastard" by court: Harmless error.*

1. In bastardy proceedings, defended on the ground that the child, of which the complaining witness charged the defendant was the father, became legitimate on the mother's marriage to a man other than the defendant, the answer of such witness in the affirmative to the question, "Did you tell Mr. B., your husband, that you were pregnant, before you married him?" is insufficient to prove that the husband knew of her pregnancy at the time of the marriage, in view of the uncertainty as to whether the mother meant to say that she told the husband before she married him that she was pregnant or that she told him after marriage of her prenuptial pregnancy. p. 350.

2. Where the impossibility of access at the time of conception by the man to whom complainant was married while pregnant was established by ample evidence of witnesses other than the complainant, her testimony as to intercourse with defendant was admissible. p. 351.

3. It was error for the court to use the term "bastard" in referring to the child in its charge to the jury, but it is *held* cured by the prompt admonishment to the jury to disregard such reference or characterization of the child. p. 351.

Flynn v. State, 183 Wis. 348.

ERROR to review a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Plaintiff in error was the defendant in a bastardy proceeding and one Clarissa Beardsley complaining witness. Prior to the trial below the proceedings were here upon *habeas corpus. State ex rel. Reynolds v. Flynn,* 180 Wis. 556, 193 N. W. 651, where many facts material here are recited.

At the time of the alleged intercourse in September or October, 1921, upon which these proceedings are based, the complaining witness lived in Oconto county, Wisconsin. In January, 1921, she went to Chicago and on the 14th married one Lawrence Beardsley, with whom she continued there to live until the birth of a child in June, 1922. Beardsley then left her and has since died. On July 25, 1922, she instituted these proceedings.

Upon the trial testimony given by others than the complaining witness substantially proved that during the months of September and October, 1921, the complaining witness was continually within the state of Wisconsin and said Beardsley was not then with her. The complaining witness was then permitted to testify, over objection, that the defendant was the father of the child conceived in September or October, 1921, and born June, 1922.

Several times during the charge to the jury the court referred to such child as a "bastard." Such use of the term was called to his attention, and before the jury retired he instructed them that they should consider all such expressions as referring to the child born of the complaining witness and disregard any other reference or characterization of the child.

The jury found the defendant guilty as charged. Subsequently testimony was taken as to the lying-in and other expenses, and after motions on behalf of the defendant a judgment was entered determining that the defendant was the father of such child and making provisions for payment.

To review such judgment defendant sues out this writ of error.

For the plaintiff in error there was a brief by *Classon & O'Kelliher* of Oconto, and oral argument by *V. J. O'Kelliher*.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt*, assistant attorney general, and *Irving Breakstone*, district attorney of Oconto county, attorneys, and *Fairchild, North, Parker & Bie* and *Samuel D. Hastings*, all of Green Bay, of counsel; and the cause was argued orally by *Mr. Breakstone* and *Mr. Messerschmidt*.

ESCHWEILER, J.    The plaintiff in error contends that it is an established fact in this case that Beardsley married the complaining witness in January, 1922, then knowing that she was pregnant with child by another than himself and that thereby such became in law the legitimate child of Beardsley.

This contention as to the fact is based entirely upon her answer "Yes" to the question, "Did you tell Mr. Beardsley, your husband, that you were pregnant, before you married him?" The court promptly sustained, after the answer was given, defendant's objection to the competency of the witness to so testify, but no motion to strike out answer or question was made. Assuming, therefore, that such were left in the record, yet we cannot give them the weight or importance contended for by defendant. It is left uncertain whether the witness meant to say that before marrying Beardsley she told him of her pregnancy, or that after marriage she told him of her prenuptial pregnancy. The inflection used or pauses made in the question as actually asked of the witness, and not possible, of course, of accurate reproduction in the record, might make a substantial difference in the meaning intended by the affirmative answer. The defendant was content to leave the record in that indefinite form and cannot now complain if his particular construction

be not adopted. This renders it unnecessary to pass upon the question of law presented by defendant on this point.

There having been first proven by ample evidence from others than complainant the impossibility of access by Beardsley at the time of conception, there was no error in admitting complainant's testimony as to intercourse with defendant.

The use in the charge to the jury of the term "bastard" in referring to the child was clearly error as assuming as a fact that the child, born in wedlock, was illegitimate—the very question to be determined by the jury. This, however, was promptly cured by the court upon its being called to his attention and affords no support for the assignment of error on this point.

The record amply vindicates the judgment.

*By the Court.*—Judgment affirmed.